David JONES et ux., Appellants,

v.

CITY OF HOUSTON, Appellee.

No. 56.

Court of Civil Appeals of Texas.

Tyler.

June 11, 1964.

Rehearing Denied July 9, 1964.

Walter C. Clemons, Houston, for appellants.

John Wildenthal, Jr., City Atty., Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellee.

SELLERS, Justice.

This is an appeal from a judgment condemning a piece of property belonging to appellants consisting of 6,997 sq. ft. of land in the City of Houston, with an 8-unit apartment house thereon. The case was submitted to a jury on special issues. The jury found the value of the condemned property to be $41,500.00 and judgment was entered in favor of appellants for said amount. From this judgment the appellants have duly prosecuted this appeal.

We take the following statement from appellants' brief:

"After the jury had been selected, and before any evidence had been offered by either side, and before the Court Reporter started taking notes on the proceedings of the trial, the Trial Court began making a lengthy oral charge to the jury about their demeanor

as jurors. After he had talked for some time, he told the jury in effect that they should listen to the testimony because he was not going to call the Court Reporter back to reread the testimony of any witness just because the jury had failed to listen to or had forgotten such testimony. At this stage of the proceedings counsel for appellants then and there attempted to make an objection to the Court's action but the Trial Court ordered him to 'sit down and be quiet until the Court had finished his remarks—that counsel could have his full bill.' When given an opportunity to speak, appellants' counsel told the jury that 'the Court's remarks were erroneous and that it was not only the jury's right but their duty to have the testimony reread to them whenever they so desired, regardless of the Court's remarks to the contrary.'

"After this situation, appellants, who had waived all objections to the proceedings except the issue of damages, called City Commissioner Johnny Goyen as an adverse party witness, under Rule 182. While the witness Goyen was on the stand, appellants offered in evidence two letters on City of Houston stationary to appellants. One of said letters was dated February 11, 1959, and signed by Travis L. Smith, III, Director of Public Works, and the other from M. H. Westerman, City Secretary. Both of said letters recited, among other things, 'As you can see the property which would have to be acquired will be *extremely expensive* and the project is not included in this year's budget.' The witness Goyen had identified the signatures of Mr. Smith and Mrs. Westerman, and had been a city commissioner for over eight years. The Trial Court refused to allow the letters to be introduced and, therefore, appellants could not cross examine the adverse party witness about the contents thereof."

Rule 287, Texas Rules of Civil Procedure, provides:

"If the jury disagree as to the statement of any witness, they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness' testimony on the point in dispute; * * *".

The record shows that the jurors did not request the court to have any of the witnesses' evidence reproduced for them. The court permitted appellants' counsel to tell the jurors that the court was in error in his instructions to them, and that they had the legal right to have the evidence of any witness re-read to them whenever they so desired regardless of the court's remarks to the contrary.

■ In view of these proceedings, we do not believe that the court's instructions constitute reversible error; nor do we think there was reversible error in the ruling of the court denying the admission in evidence of the two letters complained of, especially due to the fact that such letters were later introduced in evidence and since the only issue tried before the court was the market value of the property condemned; and on this issue there was a great deal of other evidence offered by appellants. We fail to see the materiality of why appellant did not keep his property in repair. The city, when it condemned the property, was under duty to the appellants to pay appellants the market value whether repaired or unrepaired.

■ This court cannot sustain appellants' third assignment of error to the effect that the jury's verdict is against the great weight and preponderance of the evidence. The evidence of appellants and their witnesses place the value of the property considerably above the amount allowed by the jury, and appellee's witness, duly qualified, placed the value below the amount allowed by the jury. This same contention was before the court in the case of Housing Authority of

City of Dallas v. Shambry et ux., Tex.Civ. App., 252 S.W.2d 963, and it was there held that the court was not authorized to disturb the jury's verdict.

Appellants complain of the admission in evidence of sales of other property by the witness Charles L. Osenbaugh, admitted for the purpose of aiding him in arriving at the market value of the property condemned. This witness, qualified as an expert, testified:

"Appellee's first valution witness, Mr. Charles L. Osenbaugh, who is in the real estate business, appraisal business, and also the mortgage loan business, who had been in the real estate business for approximately 14 years and, among his other qualifications, was a member of the Houston Board of Realtors, Texas National Association of Real Estate Boards, a member of the Society of Residential Appraisers, and American Institute of Real Estate Appraisers and who teaches real estate appraisal at the University of Houston, testified that he appraised the subject property, and that there are 'generally recognized—I would say universally recognized in appraisal technology, three approaches to value: The cost approach, the cost of reproduction, the market which is evaluated by the public, where you study various sales; and an income approach whereby at various capitalization methods you arrive at an estimated value by the income that the property would give to the owner of the property.' Mr. Osenbaugh testified that he appraised the subject property by the three methods, and, that in appraising same by the market approach 'I ordered the records run by a title company in Houston, and I had them give me a list of all transactions that they could find within a four-year period within an immediate area of the subject property, roughly that covered by the map; and then I took from those sales the properties that were more comparable, and from the records then went out and looked at each of the properties and talked with either the buyer or seller, confirmed what was bought or paid for the property and made investigations as to what improvements and to what size land was involved.

" 'From this study I arrived at estimates of value which were the most comparable properties.' Mr. Osenbaugh was then asked to give the details of the sales which he considered most comparable in aiding him at arriving at an opinion of market value through the market data approach and counsel for Appellee stated to the Court: 'If the Court please, at this time we would like to offer these sales not for the purpose of showing the actual sales themselves, but to show the basis or part of the basis upon which the witness arrived at his opinion today.' Mr. Osenbaugh then proceeded to give the details of sales of other properties he considered comparable enough to aid him in arriving at his opinion of market value."

█ We find no error in the ruling of the trial court in admitting this evidence for the purpose of aiding the witness in arriving at the market value of the property in dispute. Hays et ux. v. State of Texas et al., Tex.Civ.App., 342 S.W.2d 167.

█ The appellants objected to the court's charge and the court's refusal to give their requested definition of market value. The court gave the following charge:

"You are instructed that by the term 'market value' as used in this Charge, is meant the price which the property will bring when it is offered for sale by one who desires to sell but is not obligated to sell and is bought by one who desires to buy, but is under no necessity of buying."

This charge is the approved charge of the Supreme Court in the case of State v. Car-

penter et al., 126 Tex. 604, 89 S.W.2d 979, and we find nothing in the record rendering this definition inapplicable to the facts in this case.

Finding no reversible error in the record, the judgment of the trial court is affirmed.